UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAYTON JONES, # 114213,

        Petitioner,                    Case Number: 2:21-CV-10989
                                                        HONORABLE SEAN F. COX

v.

CHANDLER CHEEKS,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Michigan state prisoner Dayton Jones has filed a "Motion Seeking Immediate Release from Custody and Reduction of Sentence [Due] to Covid-19/Writ of Habeas Corpus for Compassionate Release [Due] to Covid-19." (ECF No. 1.) Jones, who is serving a sentence of 10-1/2 to 30 years in prison for assault with intent to commit murder, contends he should be released due to the spread of COVID-19 throughout Michigan. He seeks relief under 28 U.S.C. §2241.

The Court dismisses the petition without prejudice because Jones has not exhausted his state court remedies, denies a certificate of appealability, and denies leave to proceed *in forma pauperis* on appeal.

I.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies.[1]  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  The claims must be "fairly presented" to the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  A prisoner fairly presents his claims by asserting the factual and legal bases for the claims in the state courts, *id.*, and by raising them as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A Michigan prisoner must raise each issue to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion

---

[1] The exhaustion requirement applies to state prisoners without regard to whether the petition is filed under 28 U.S.C. § 2254 or § 2241.  *See Collins v. Million*, 121 F. App'x 628 (6th Cir. 2005).

requirement. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). The burden is on the petitioner to prove exhaustion. *Rust v. Zant*, 17 F.3d 155, 160 (6th Cir. 1994).

Jones does not satisfy his burden. He neither alleges nor establishes that he has exhausted available remedies in the state courts. Petitioner has at least one available procedure by which to raise the issues presented in his pleadings. For example, he may file a state habeas petition because he seeks a determination on the legality of his continued confinement. *See Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, at *2 (6th Cir. Dec. 11, 2020) (holding that a habeas petitioner may exhaust state court remedies by filing a state habeas corpus petition). He may also seek relief, even release, by civil action in state court for unconstitutional conditions of confinement. *See Kent Cty. Prosecutor v. Kent Cty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). *See also Money v. Pritzker*, 2020 WL 1820660, *21 (N.D. Ill. April 10, 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]").

Finally, Michigan courts have shown a willingness to consider the Covid-19 pandemic and the need to mitigate the virus's spread when making pretrial and post-conviction confinement decisions. *See People v. Chandler*, 941 N.W.2d 920 (Mich. 2020) (holding that courts must consider "the public health factors arising out of the

present public health emergency to mitigate the spread of COVID-19" when making pretrial detention decisions); *People v. Calloway*, No. 349870, 2020 WL 4382790, at *4 (Mich. Ct. App. July 30, 2020) (holding that the requirement set forth in *Chandler* applies to convicted prisoners).

The Court notes that a petitioner's failure to exhaust state court remedies may be excused if "there is an absence of State corrective process" or if "circumstances exist that render such process ineffective" to protect his or her rights. 28 U.S.C. § 2254(b)(1)(B). Jones maintains that it would be futile to pursue a grievance in the prison system because pandemic-related concerns are not properly raised through the prison grievance process. (ECF No. 1, PageID.4-5.) Accepting this assertion as true, Jones has not shown that relief for his claims is unavailable to him in the Michigan courts. Further, Jones' conclusory claim that Michigan courts are not following state court precedent is insufficient to show that the state court process is ineffective to protect his rights. The petition, therefore, will be dismissed for failure to satisfy the exhaustion requirement.

## II.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

The Court **DENIES** a certificate of appealability because Jones fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Finally, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on

appeal because an appeal could not be taken in good faith.  *See* Fed. R. App. P. 24(a).

**SO ORDERED**.


s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated:  May 27, 2021